UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEANETTE GAMBARO and JOSEPH GAMBARO<br><br>                                   Plaintiffs,<br><br>v.<br><br>1917 ACP OWNER LLC, SHARP MANAGEMENT CORP., and THE CLEARSTONE GROUP INC.<br>                                   Defendant. | 22 Civ. 7855<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiffs JEANETTE GAMBARO and JOSEPH GAMBARO by their attorney, the law firm of James E. Bahamonde, P.C., and for their Complaint against Defendants **1917 ACP OWNER LLC, SHARP MANAGEMENT CORP.**, and **THE CLEARSTONE GROUP INC.** allege as follows:

**NATURE OF THE CASE**

1.      Plaintiff Jeanette Gambaro, has been diagnosed with multiple physical disabilities and mobility impairments, as well as a respiratory disability. As a result, Ms. Gambaro cannot safely use the stairs and is substantially limited in standing, climbing stairs, and sitting.

2.      Plaintiff Joseph Gambaro is Ms. Gambaro's brother. Mr. Gambaro has been diagnosed with mobility and respiratory disabilities and, as a result, requires the use of a wheelchair for ambulation.

3.      Since Plaintiffs moved into their seventh-floor apartment in 2021, the sole elevator providing ingress and egress access has been in disrepair for more than 300 days. In fact, but for a handful of days, the elevator has been inoperable since February 2022, Consequently, Plaintiffs have been denied by Defendants with equal housing opportunities. Defendants have also failed to provide Plaintiffs with a reasonable accommodation to be

relocated to an accessible unit or temporary residence.

4.      Defendants' failure to provide a reasonable accommodation to Plaintiffs has placed Plaintiff Joseph Gambaro in circumstances similar to house arrest. Without a working elevator, Mr. Gambaro is completely home bound and cannot leave his seventh-floor apartment . As such, Mr. Gambaro has been prevented from going outside or receiving medical treatment for seven months.

5.

6.      Plaintiffs file the instant action against Defendants seeking to enjoin Defendants' discriminatory practices in violation of the Fair Housing Act and New York City Human Rights [Administrative Code] Law.

7.      Plaintiffs seek a declaratory judgment, and equitable and injunctive relief for Defendants' housing and disability discrimination in violation of Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (hereinafter "FHA") and New York City Administrative Code § 8-107 *set seq* (hereinafter "NYCHRL").

8.      Additionally, Plaintiffs seek compensatory damages against each Defendant for violation of the FHA and NYCHRL.

9.      Plaintiffs also seek punitive damages against each Defendant for their reckless and/or callous indifference to Plaintiffs' rights under the FHA and NYCHRL.

## JURISDICTION AND VENUE

10.     During all relevant times, Plaintiffs are residents of New York County, New York.

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. § 2201, and 42 U.S.C. § 3613.

12.     This Court has supplemental jurisdiction over the New York State and New York County causes of action pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, or omissions, giving rise to this action, including the unlawful practices alleged herein, occurred within the District.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants' principal offices are located in New York County.

## THE PARTIES

**Plaintiffs**

15.     Plaintiff Jeanette Gambaro has been diagnosed with scoliosis, arthritis, asthma, and has several bulging and herniated discs. As a result, Ms. Gambaro has a physical, medical, and respiratory impairments, which restrict her from safely using stairs, ambulating, and standing.

16.     During all relevant times, Ms. Gambaro has been substantially limited in her ability to climb and descend stairs. Because of Ms. Gambaro's physical disabilities and mobility impairments, Ms. Gambaro cannot climb or descend stairs without experiencing serious and debilitating pain. As such, Ms. Gambaro is an individual with a disability for purposes of this action as that term is defined by the FHA and NYSHRL.[1]

17.     Plaintiff Joseph Gambaro is substantially limited in walking. Mr. Gambaro cannot walk, safely use stairs, and relies on a wheelchair for ambulation.

---

[1] The Fair Housing Act ("FHA") uses the term "handicap" rather than "disability." Both terms have the same legal meaning. *See Bradgon v. Abbott*, 524 U.S. 624, 631 (1998). This complaint uses the terms "disability" and "handicap" interchangeably. The term "disability" is more generally accepted.

**Defendants**

18.     Defendant 1917 ACP OWNER LLC, is a limited liability corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County.

19.     Defendant 1917 ACP OWNER LLC, owns and controls the multifamily apartment building located at 1917 Adam Clayton Powell Jr. Boulevard, New York, NY.

20.     Defendant SHARP MANAGEMENT CORP. is a domestic corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Kings County.

21.     Defendant SHARP MANAGEMENT CORP. is the current management company of the multifamily apartment building located at 1917 Adam Clayton Powell Jr. Boulevard, New York, NY.

22.     Defendant THE CLEARSTONE GROUP INC. LLC, is a limited liability corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Nassau County.

23.     Upon information and belief, Defendant THE CLEARSTONE GROUP INC. LLC was the management company of the multifamily apartment building located at 1917 Adam Clayton Powell Jr. Boulevard, New York, NY until July 2022..

**STATUTORY AND REGULATORY FRAMEWORK**

24.     In 1988, Congress enacted the Fair Housing Act Amendments ("FHAA") as part of comprehensive amendments to the Fair Housing Act to prohibit discrimination on the basis of disability.

25.     Under the FHAA and NYCHRL, a housing provider is required to make

reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities equal access and opportunity to use and enjoy a dwelling.

26.     Under the FHAA and NYCHRL, a housing provider is required to make reasonable modifications to afford disabled tenants with equal access and opportunity to use and enjoy the premises.

27.     To encourage owners of multifamily dwellings to be active supervisors of their subordinates, the FHAA and NYCHRL imposes vicarious liability upon principals or employers for the acts of their agents or employees. Consequently, a principal is legally responsible for the acts, conduct, and statements of their agent.

28.     The FHAA and NYCHRL prohibit housing providers from placing conditions on the residency of a disabled person, because that person requires a reasonable accommodations.

29.     In evaluating whether a person is entitled to an accommodation, a housing provider must only consider 2 factors: a) does the person seeking the accommodation have a disability; and b) does the accommodation alleviate one or more symptoms or effects of a person's disability.

30.     The FHAA and NYCHRL mandate that landlord and management company provide a reasonable accommodation.

31.     The FHA prohibits practices with an unjustified discriminatory effect, regardless of whether there was intent to discriminate.

32.     The FHAA and NYCHRL also prohibits discrimination in the terms, conditions, or privileges of a rental, or in the provision of services of facilities in connection with the rental of a dwelling because of disability, 42 U.S.C. § 3604(f)(2), and refusal to make a reasonable

modifications of existing premises that are necessary to afford equal opportunity to use and enjoy the premises, 42 U.S.C. § 3604(f)(3)(A).

33.     The New York City Human Rights Law prohibits discrimination in the lease of, or to otherwise deny or withhold, a housing accommodation to a buyer because of disability, discriminatory notices or statements, discriminatory practices to aid, abet, incite, compel or coerced the doing of any acts forbidden NYC Human Rights Laws; discrimination in the terms, conditions or privileges of sale of a housing accommodation, refusals to permit reasonable accommodations, and disparate impact. NYC Administrative Code, § 8-107(5), (6), (7), (15), (17), and (19).

## FACTUAL BACKGROUND

34.     In or about July 2021, Plaintiff Jeanette Gambaro, her son, and her brother, Plaintiff Joseph Gambaro, executed a lease and moved into a residential apartment at a multifamily apartment building located at 1917 Adam Clayton Powell Jr, Boulevard, New York, New York.

35.     The multifamily apartment building has seven floors and one passenger elevator.

36.     Plaintiff Joseph Gambaro has a neurological disability as a result of a stroke and has been diagnosed with COPD. Mr. Gambaro is substantially limited in walking and breathing.

37.     Joseph Gambaro cannot walk and uses a wheelchair for mobility.

38.     Jeanette Gambaro has been diagnosed with scoliosis, arthritis and has numerous bulging and herniated discs.

39.     Ms. Gambaro is substantially limited in climbing stairs, sitting, standing, and in raising her left arm.

40.     On or about November 2021, the sole passenger elevator began to break down .

Consequently, in order to safely leave or return to her apartment, Ms. Gambaro was forced to descend or ascend seven flights of stairs. This additional physical activity exacerbated the pain she had been experiencing due to her bulging and herniated disc, scoliosis, and arthritis.

41.    On or about December 2021, Ms. Gambaro started experiencing debilitating pain and could barely walk.

42.    Since February 2022, the elevator has been inoperable.

43.    On January 12, 2022, Ms. Gambaro notified the building's Property Manager, David-Jay Nguyen, that the elevator was out of service and informed Mr. Nguyen that her brother Plaintiff Joseph Gambaro is wheelchair-bound and suffers from COPD.

44.    On February 8, 2022, Ms. Gambaro notified Mr. Nguyen, that the elevator was out of service and additionally informed him of her physical limitations and inability to safely use the stairs.

45.    On February 25, 2022, Ms. Gambaro again notified Mr. Nguyen that the elevator was out of service, and of her and her brother's physical and mobility disabilities. Ms. Gambaro also told Mr. Nguyen that she and her brother cannot safely use the stairs because her brother is wheelchair-bound and she has incredible difficulty using stairs.

46.    On March 18, 2022, Ms. Gambaro notified the new property manager, Moshe Krengel, of the continuous inoperable condition of the elevator, the physical and mobility disabilities of her and her brother, and requested to be transferred to an accessible apartment until the elevator is repaired.

47.    Several times in April and May 2022, Ms. Gambaro again notified Mr. Krengel of the inoperable elevator and hardship caused because of her and her brother's mobility disabilities. Likewise, Ms. Gambaro again requested to be transferred to an accessible apartment

until the elevator is repaired. To date, Mr. Krengel and the Defendants have not responded.

48.     From February 2022 through May 2022, Ms. Gambaro was forced to stay home, unless she needed to receive medical treatment.

49.     During all relevant times, Plaintiff Jeanette Gambaro has worked full-time at the Bronx District Attorney Office. While she was able to work remotely from home until May 2022, after this date, she was required to return to the office.

50.     During the summer of 2022, Mr. Krengel informed Ms. Gambaro that a first-floor apartment would be available shortly, and she responded by requesting that her and her family be transferred to it, as soon as practicable, because of their mobility disabilities and the inoperable elevator. However, he refused.

51.     In or about July 2022, Defendant SHARP MANAGEMENT CORP. became the building's new management company.

52.     In July 2022, the building's Superintendent informed Ms. Gambaro that the landlord was offering an alternative apartment in another building. Ms. Gambaro telephoned the Superintendent and left a voicemail expressing her interest in viewing it. However, the Superintendent never provided her with a response. Nearly 3 weeks later, when Ms. Gambaro again spoke to the Superintendent, he told her that the elevator located in the other building had been inoperable for nine days.

53.     To date, Defendants made no other offer to transfer or relocate Plaintiffs to an alternative accessible apartment.

54.     Defendants do not have a written or policy or procedure to request reasonable accommodations or modifications.

55.     Defendants are aware of Plaintiffs' physical disabilities and mobility impairments

because Plaintiffs have met with a representative of Defendants when touring the apartment, moving in, and during social interactions, as well as when requesting a reasonable accommodation and modification.

**Front Entrance Intercom**

56.    The front entrance door of Defendants' multifamily apartment building is always kept closed and locked. To enter the apartment building, a key must be used to unlock the entrance door.

57.    There is an intercom at the front entrance that is meant to be used by visitors and delivery persons. At the time Ms. Gambaro moved into her apartment, she noticed that the intercom was inoperable. She informed Defendants that she has mobility impairments and cannot descend seven flights of stairs to open the door for visitors or receive deliveries. In response, Defendant said not to worry, the intercom would be repaired promptly. To date, the intercom is still inoperable. As result, Plaintiffs cannot receive deliveries or allow visitors to enter the apartment building without first descending seven flights of stairs to open the front door.

58.    Since August 2021, Ms. Gambaro has made numerous requests to the management company to repair and make accessible the lobby intercom. However, to date, it is still inoperable and inaccessible.

**LEGAL CLAIMS**

**FIRST CAUSE OF ACTION**
**(Violation of the Fair Housing Act, 42 USC 3604, *et seq*.)**

59.    Plaintiffs reallege and incorporate by reference the allegations set forth in this Complaint as if fully set forth herein.

60.    At all relevant times, Plaintiffs have had a handicap as that term is defined in 42

U.S.C. § 3602(h).

61.     Plaintiffs are aggrieved persons as defined by 42 U.S.C. § 3602(i) and 3613(a)(1)(A).

62.     The residential apartment rented by Plaintiffs Jeanette Gambaro and Joseph Gambaro is a "dwelling" as defined by 42 U.S.C. § 3602(b).

63.     The residential dwelling units at 1917 Adam Clayton Powell Jr. Boulevard, New York, NY is a "covered multifamily dwelling" as defined by 42 U.S.C. § 3604(f)(7) and 24 CFR § 100.201.

64.     The conduct of Defendants constitutes discrimination in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability in violation of 42 U.S.C. § 3604(f)(2).

65.     The conduct of Defendants constitutes a refusal to make a reasonable modifications to its entrance, lobby intercom in violation of 42 U.S.C. § 3604(f)(3)(A).

66.     Reasonable modification to the lobby intercom is necessary to afford Plaintiffs Jeanette Gambaro and Joseph Gambaro equal opportunity to use and enjoy the premises at in violation of 42 U.S.C. § 3604(f)(3)(A).

67.     The reasonable modification sought by Plaintiffs of the lobby intercom is necessary to afford them with access to, and equal opportunity to use and enjoy the premises.

68.     The reasonable modifications sought by Plaintiffs do not amount to an undue financial and administrative burden, or a fundamental alteration of Defendants' program.

69.     Defendants refused to make a reasonable accommodation in the rules, policies, practices, or services to be relocated or transferred to an accessible apartment.

70.     The conduct of Defendants constitutes a refusal to make reasonable

accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford Plaintiffs Jeanette Gambaro and Joseph Gambaro with equal opportunity to use and enjoy a dwelling in violation of 42 U.S.C. § 3604(f)(3)(B).

71.    The accommodations sought by Plaintiffs Jeanette Gambaro and Joseph Gambaro are reasonable and necessary to afford them with an equal access and opportunity to use and enjoy a dwelling unit, including common use areas.

72.    The accommodations sought by Plaintiffs Jeanette Gambaro and Joseph Gambaro would not impose an undue financial or administrative burden on the Defendants and do not require a fundamental alteration in the nature of its programs.

73.    Defendant also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction.

74.    As a direct and proximate result of Defendants' discriminatory conduct in violation of the Fair Housing Act, Plaintiffs Jeanette Gambaro and Joseph Gambaro have suffered damages, including lost housing opportunity and emotional distress.

75.    Defendants' discriminatory actions were intentional, willful, or with reckless disregard for the rights of Plaintiffs Jeanette Gambaro and Joseph Gambaro. Defendants also knew of, or ratified, the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction.

## SECOND CAUSE OF ACTION
### (Disparate Impact in violation of the Fair Housing Act)

76.    Plaintiffs reallege and incorporate by reference the allegations set forth in this Complaint as if fully set forth herein.

77.    Defendant's policy to not transfer or relocate mobility disabled persons to an

accessible apartment until the elevator is repaired is unjustifiable and has a disparate impact against persons with disabilities.

78.     As a direct and proximate result of Defendant's actions in violation of the Fair Housing Act, Plaintiffs have suffered damages, including emotional distress and lost housing opportunity.

### THIRD CAUSE OF ACTION
**(Housing Discrimination in Violation of the NYC Human Rights Law)**

79.     Plaintiffs reallege and incorporate by reference the allegations set forth in this Complaint as if fully set forth herein.

80.     Plaintiffs Jeanette Gambaro and Joseph Gambaro have a "disability" as defined by New York City Administrative Code § 8-102.

81.     Plaintiffs Jeanette Gambaro and Joseph Gambaro are "persons are aggrieved" as defined by New York City Human Rights Laws in violation of New York City Human Rights Law, NYC Administrative Code § 8-102.

82.     The apartment rented by Plaintiffs located at 1917 Adam Clayton Powell Jr. Boulevard, New York, NY, is a "housing accommodation" as defined by New York City Human Rights Laws in violation of New York City Human Rights Law, NYC Administrative Code § 8-102(10)

83.     Defendants are "persons" as defined by New York City Human Rights Laws in violation of New York City Human Rights Law, NYC Administrative Code § 8-102.

84.     Plaintiffs are persons as defined by New York City Human Rights Laws in violation of New York City Human Rights Law, NYC Administrative Code § 8-102(1).

85.     The conduct of Defendant is discriminatory because it has discriminated against

Plaintiffs because of actual or perceived disability in the terms, conditions, or privileges of the lease of a housing accommodation or an interest therein or in the furnishing of facilities or services in connection therewith, in violation of New York City Human Rights Law, NYC Administrative Code § 8-107(5)(a)(2).

86.     The conduct of Defendant constitutes a refusal to make reasonable accommodation to enable a person with a disability to have equal opportunity to use and enjoy a dwelling in violation of New York City Human Rights Law, NYC Administrative Code § 8-107(15).

87.     The conduct of Defendant is discriminatory because it has aided, abetted, incited, compelled, or coerced the doing of any act forbidden under New York City Human Rights Laws in violation of New York City Human Rights Law, NYC Administrative Code § 8-107(6).

88.     As a direct and proximate result of Defendant's discriminatory conduct in violation of New York City Human Rights Law, Plaintiffs have suffered damages, including emotional distress and lost housing opportunity.

89.     Defendants policy to not transfer or relocate Plaintiffs until the elevator is repaired, has a disparate impact against persons with disabilities in violation of New York City Human Rights Law, NYC Administrative Code § 8-107(17).

90.     Plaintiffs have served a copy of the complaint upon the City Commission on Human Rights and Corporation Counsel, pursuant to the New York City Administrative Code § 8-502(c).

91.     As a direct and proximate result of Defendants' discriminatory conduct in violation of NYCHRL, Plaintiffs Jeanette Gambaro and Joseph Gambaro have suffered damages, including lost housing opportunity and emotional distress.

92.     Defendant's discriminatory actions were intentional, willful, or with reckless disregard for the rights of the plaintiffs. Defendant also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants as follows:

A.     Plaintiffs seek declaratory judgment declaring that the conduct of Defendants constitute violations of the Fair Housing Act, and its relevant, accompanying Amendments and New York City Human Rights Law.

B.     An injunction against Defendants, its agents, employees, and successors, and all other persons in active concert or participation permanently enjoining them from discriminating on the basis of disability against any persons in violation of the Fair Housing Act, as amended, and New York City Human Rights Law, including the following:

   i.     Discrimination in the terms, conditions, or privileges of a dwelling because of disability;

   ii.     Discriminating based on disability;

   iii.     Refusing to make reasonable accommodations or reasonable modification;

   iv.     Providing inferior services, privileges, and use of the facilities.

C.     A permanent injunction requiring Defendants to

   i.     relocate or transfer Plaintiffs to an accessible apartment until the elevator is repaired;

14

   ii. Make all necessary modifications to their policies, practices, and procedures to comply with fair housing laws;

   iii. Train all owners, partners, management, agents, and employees on fair housing laws;

 D. The court retains jurisdiction over Defendants until the Court is satisfied that their unlawful practices, acts and omissions no longer exist and will not reoccur.

 E. Award such damages to Plaintiffs as will fully compensate for injuries caused by Defendants' unlawful practices;

 F. Award punitive damages to Plaintiffs for Defendants' violation of the FHAA and NYCHRL;

 G. Award Plaintiffs reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

 H. Grant Plaintiffs such other further relief as may be just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial on the merits by jury pursuant to Fed. R. Civ. P. 38.

Dated: September 11, 2022

      LAW FIRM OF JAMES E. BAHAMONDE, P.C.

      By: __/s/ James E. Bahamonde__
        James E. Bahamonde
        2501 Jody Court
        North Bellmore, NY 11710-1940
        Tel. (646) 290-8258
        james@civilrightsNY.com
        *Attorneys for Plaintiffs*