UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEANETTE GAMBARO and JOSEPH
GAMBARO,

                    Plaintiffs,

          v.

No.  22-CV-7855 (RA)

ORDER

1917 ACP OWNER LLC, BRUCE
LEDERMAN, SHARP MANAGEMENT
CORP., and THE CLEARSTONE GROUP
INC.,

                    Defendants.

RONNIE ABRAMS, United States District Judge:

Plaintiffs Jeanette Gambaro and Joseph Gambaro bring this Fair Housing Act action against

Defendants 1917 ACP Owner LLC, Bruce Lederman, Sharp Management Corp., and the Clearstone

Group, alleging that Defendants failed to reasonably accommodate Plaintiffs while the sole elevator in

their apartment building was inoperable.  Pending before the Court is Defendants' motion to dismiss the

Second Amended Complaint (the "Complaint").  Defendants argue, in part, that the Complaint should

be dismissed because Plaintiffs have not received leave to sue Defendant Lederman—who was appointed

temporary receiver of the subject property on May 11, 2021—from the appointing court, the New York

Supreme Court for New York County.  Plaintiffs sought leave to sue Lederman on March 5, 2023, *see*

Bahamonde Decl., Ex. 2, but the New York Supreme Court has yet to rule on the motion.

"A receiver is an officer of the court which appointed him or her and 'cannot be sued without the

court's consent.'" *McIntire v. China MediaExpress Holdings, Inc.*, 113 F. Supp. 3d 769, 772 (S.D.N.Y.

2015) (quoting *Chi. Title & Tr. Co. v. Fox Theatres Corp.*, 69 F.2d 60, 62 (2d Cir. 1934)).  "This rule

[is] intended to protect the receiver and the estate from any unnecessary and harassing litigation, and to

'preserve the estate in the hands of the receiver for the benefit of all creditors equally.'" *Blanchard v. Landis*, 2002 WL 1933819, at *2 (S.D.N.Y. Aug. 20, 2002) (quoting *Copeland v. Salomon*, 56 N.Y.2d 222, 228 (1982)). "Failure to obtain permission from the appointing court to sue a temporary receiver does not affect the jurisdiction of a federal court to hear the case; it is rather, a condition precedent." *Id.* (citing *Halpern v. Wilf*, 2000 WL 1277300, at *5 (S.D.N.Y. Sept. 8, 2000)). "Where a plaintiff fails to obtain permission from the appointing court, the court may pursue one of three options: (1) allow the action to continue 'subject to the later order of the appointing court'; (2) stay the action 'pending an application to the court for leave *nunc pro tunc*'; or (3) dismiss the action 'without prejudice to recommencement after such leave had been obtained.'" *Id.* (quoting *Indep. Sav. Bank*, 473 N.Y.S.2d 568, 570 (App. Div. 1984)); *see also Copeland*, 56 N.Y.2d at 230; *Halpern*, 2000 WL 1277300 at *5.

The Court concludes that staying this action pending Plaintiffs' application for leave to sue is appropriate, particularly in light of the parties' representation, at a telephone conference held earlier today, that the elevator at the subject property has since been replaced and is now in operation. The parties shall inform the Court via letter when the New York Supreme Court has ruled on Plaintiffs' motion.

The Clerk of Court is respectfully directed to stay this action pending further order from the Court.

SO ORDERED.

Dated:      August 2, 2023
            New York, New York

                                        Ronnie Abrams
                                        United States District Judge