UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEANETTE GAMBARO and JOSEPH GAMBARO,

            Plaintiffs,

v.

1917 ACP OWNER LLC, BRUCE LEDERMAN, SHARP MANAGEMENT CORP., and THE CLEARSTONE GROUP INC.,

            Defendants.

No. 22-CV-7855 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiffs Jeanette Gambaro and Joseph Gambaro bring this Fair Housing Act action against Defendants 1917 ACP Owner LLC, Bruce Lederman, Sharp Management Corp., and the Clearstone Group, alleging that Defendants failed to reasonably accommodate Plaintiffs while the sole elevator in their apartment building was inoperable. Pending before the Court is Defendants' motion to dismiss the Second Amended Complaint (the "Complaint"). Defendants argue, in part, that the Complaint should be dismissed because Plaintiffs had not sought leave to sue Defendant Lederman—who was appointed temporary receiver of the subject property on May 11, 2021—from the appointing court, the New York Supreme Court for New York County. Plaintiffs sought leave to sue Lederman on March 5, 2023, *see* Bahamonde Decl., Ex. 2. On August 2, 2023, the Court stayed this action pending the outcome of Plaintiffs' application in New York State Court for leave to sue Lederman. The Court also instructed the parties to inform the Court via letter when the New York Supreme Court had ruled on Plaintiffs' motion.

    Defendants have informed the Court that on December 1, 2023, the New York Supreme Court issued a decision denying Plaintiffs' motion for leave to sue Lederman, Sharp Management Corp., and

the Clearstone Group Inc. Defs.' Letter, ECF No. 51-1 at 2. Defendants request that, in light of the New York Supreme Court decision, the stay be lifted and their motion to dismiss be granted. Plaintiffs represent that they plan to file a motion to reargue the underlying case state case, and if unsuccessful, will appeal the New York Supreme Court's decision. They ask that the stay remain in place while litigation proceeds in state court.

Where a plaintiff has failed "to obtain permission from the appointing court, the court may pursue one of three options: (1) allow the action to continue 'subject to the later order of the appointing court'; (2) stay the action 'pending an application to the court for leave *nunc pro tunc*'; or (3) dismiss the action 'without prejudice to recommencement after such leave had been obtained.'" *Blanchard v. Landis*, No. 02-cv-0053 (RCC), 2002 WL 1933819, at *2 (S.D.N.Y. Aug. 20, 2002) (quoting *Indep. Sav. Bank v. Triz Realty Corp.*, 473 N.Y.S.2d 568, 570 (N.Y. App. Div. 1984)); *see also Copeland v. Salomon*, 56 N.Y.2d 222, 230 (N.Y. 1982).

When considering whether to stay proceedings while a related appeal is pending in another court, the Court applies a four-factor test. *See Purugganan v. AFC Franchising, LLC*, No. 20-cv-00360 (KAD), 2021 WL 4917984, at *1–2 (D. Conn. Aug. 20, 2021). These factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *U.S. Sec. & Exch. Comm'n v. Citigroup Glob. Mkts. Inc.*, 673 F.3d 158, 162 (2d Cir. 2012) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors . . . are the most critical." *Nken v. Holder*, 556 U.S. 418, 434, (2009). As to the first factor, "it is not enough that the chance of success on the merits be better than negligible." *Id.* (internal quotation marks omitted).

Here, Plaintiffs have failed to make a "strong showing" that they are likely to succeed on the

merits. Plaintiffs' letter states that the state-court decision denying Plaintiffs leave to sue Mr. Lederman was "not based on well-settled law and facts." Pls.' Letter 1, ECF No. 52. This conclusory assertion is insufficient to demonstrate that Plaintiffs are likely to succeed on the merits. *See Purugganan*, 2021 WL 4917984, at *2–3 (holding plaintiff's "assertion that it 'feels very strongly that the Eleventh Circuit will agree with its analysis' [was] insufficient to establish a likelihood of success" on appeal and denying the stay). Indeed, as to timeliness, the New York Supreme Court found Plaintiffs' "excuse" that they were "unaware of this foreclosure action and Lederman's appointment" to be "patently incredible." Defs. Letter, ECF No. 51-1 at 2. Additionally, because Plaintiffs' action before this Court would be dismissed without prejudice, Plaintiffs will not suffer irreparable injury. *See Blanchard v. Landis*, 2002 WL 1933819, at *2.[1]

For these reasons, Defendants' application that the stay be lifted is GRANTED. The case is therefore DISMISSED without prejudice to recommencement if Plaintiffs obtain leave to sue Mr. Lederman. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: January 19, 2024
      New York, New York

Ronnie Abrams
United States District Judge

---

[1] Plaintiffs additionally argue that the case should remain stayed because the state court did not address whether Plaintiffs had leave to file suit against Defendants Sharp Management Corporation and The Clearstone Group, Inc. Pls.' Letter 1, ECF No. 52. However, a decision regarding leave to sue Mr. Lederman extends to his agents. *See Commodity Futures Trading Comm'n v. Int'l Fin. Servs. (New York), Inc.*, No. 02-cv-5497 (GEL), 2002 WL 1801723, at *5 (S.D.N.Y. July 17, 2002) (ordering that a stay pending a grant of leave to sue a receiver would extend to the receiver's agents).